UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GETTY PROPERTIES CORP, ET AL.,

PLAINTIFFS

V.

TUNIXS-OHR, INC., ET AL

DEFENDANTS

CIVIL ACTION NO.

3:12-CV-00865-AWT

JULY 4, 2012

### DEFENDANT HSTN, LLC AND RENALDI'S GETTY, LLC'S URGENT MOTION FOR IMMEDIATE DISCOVERY COMPLIANCE

On June 12, 2012, the plaintiff made application to this Court for a Temporary Injunction pursuant to FRCP 65. That application was denied not once but twice by the court by way of orders dated June 19, 2012 and July 2, 2012.

On July 3, 2012, the plaintiff apparently made an ex parte oral motion to the court requesting reconsideration of the court's order, articulation of the court's order or other unknown relief. It is understood that the plaintiff has demanded further briefing

1

along with the submission of questions to the court for response. It is proposed that those questions be briefed and that those questions cite particular "contract/lease-based facts."

The undersigned has never been provided with many of the applicable contracts and leases around which a final determination of this matter will revolve. Those documents are in the possession and control of the plaintiff. On July 3, the undersigned served the attached request for production upon the plaintiffs in this matter. In the normal course, the plaintiff would have 30 days to respond to the request for production. Given the massively expedited timeframe being requested by Mr. Lee, the 30 day response period is clearly inadequate.

Further, since the plaintiff is an extremely large oil company, they have almost infinite resources with which to provide responses under this expedited time schedule.

Accordingly, the undersigned respectfully moves that the court order the plaintiff's to comply with the attached request for production no later than 9 AM Friday July 6, 2012.

THE DEFENDANTS, HSTN, LLC and<br>
RENALDI'S GETTY, LLC<br>
<br>
By _____<br>
John J. Morgan<br>
BARR & MORGAN<br>
22 Fifth Street<br>
Stamford, CT  06905<br>
(203)  356-1595<br>
Juris No. CT13312

3

CERTIFICATE OF SERVICE

I hereby certify that on July 4, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: _____
John J. Morgan (ct13312)
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph. (203) 356-1595
Fx: (203) 357-8397
Jmorgan@pmpalawyer.com

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GETTY PROPERTIES CORP, ET AL.,

CIVIL ACTION NO.

3:12-CV-00865-AWT

PLAINTIFFS

V.

TUNIXS-OHR, INC., ET AL

DEFENDANTS                                   JULY 3, 2012

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

The Defendants HSTN and Renaldi's Getty hereby request that the Plaintiffs respond within thirty (30) days of the service hereof, by producing and permitting Defendant to inspect and copy at the offices of Barr & Morgan, 22 Fifth Street, Stamford, CT 06905 or at such other mutually convenient place as may be agreed upon, the documents described below which are in the possession of the Plaintiffs, or subject to their custody and control, wherever located. This request for production of documents shall be deemed continuing in accordance with Rule 26(e) of the Federal Rules of Civil Procedure so as to require supplemental answers within a reasonable period of time prior to trial if additional information with respect to this request for production of documents is obtained by the Plaintiffs or their counsel.

1. Each and every document which constitutes, reflects, concerns or otherwise relates to any change in the ownership, right to possess, right to

control or possession of the business and/or real property which is subject of the plaintiff's complaint from 2005 to date.

2. Each and every document which constitutes her first tour as relates to the Consolidated and Restated Master Lease between Getty Properties Corp. and Getty Petroleum Marketing Inc.

3. Each and every document which constitutes, concerns, refers to otherwise relates to any alleged cessation of any right of possession in the real property which is the subject of the class complaint.

4. Each and every document which constitutes, concerns, refers to or otherwise relates to the plaintiff's claim that it has a right of possession with respect to the real estate subject to the class complaint.

5. Each and every document which constitutes refers to or otherwise relates to any communication between Getty Properties Corp., or any of its parent or subsidiary companies or any of its agents, servants or employees and any person or entity concerning the property which is the subject of the plaintiffs' complaint from January 1, 2011 to date. (This request excludes documents the respondent claims are protected by the attorney-client privilege or attorney work product privilege.)

6. Each and every document constitutes, refers to or otherwise relates to any communication between NECG Holdings Corp. or any of its parent or subsidiary companies or any of its agents, servants or employees and any person or entity concerning the property which is the subject of the plaintiff's complaint from January 1, 2011 to date.

7. Each and every document which constitutes refers to or otherwise relates to any communication between Green Valley Oil, LLC or any of its parent, subsidiary or related companies or any of its agents servants or employees and any person or entity concerning property which is the subject of the plaintiff's complaint from January 1, 2011 to date.

8. Each and every document which constitutes refers to or otherwise relates to any court order which in any way concerns the real property which is referred to in the plaintiff's complaint.

9. Each and every document in the possession or control of the plaintiffs or within its reasonable access, which was filed in any court and which concerns the real property which is referred to in the plaintiff's complaint.

10. Each and every document in possession or control of the plaintiff or within its reasonable access which constitutes, refers to or otherwise relates to

any communication with the defendant or any of its agents servants or employees from January 1, 2011 to date.

11. Each and every document which constitutes, refers to or otherwise relates to any "termination by operation of law" referred to in paragraph 4 of the plaintiffs' complaint.

12. Each and every document which constitutes refers to or otherwise relates to any "revocable license agreement" referred to in paragraph 7 of the plaintiff's complaint.

13. Each and every document which constitutes, refers to or otherwise relates to any notice to quit referred to in the plaintiff's complaint

14. Each and every document which constitutes refers to otherwise relates to any return of service made by any marshal with respect to the real property referred to in the plaintiff's complaint.

>THE DEFENDANTS, HSTN, LLC and
>RENALDI'S GETTY, LLC
>
>By_____
>John J. Morgan
>BARR & MORGAN
>22 Fifth Street
>Stamford, CT 06905
>(203) 356-1595
>Juris No. CT13312

CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2012 a copy of the foregoing was sent by electronic mail and US mail postage prepaid to:

Anderson, Kill & Olick
1055 Washington Blvd.
Stamford, CT 06901

Vincent McManus, Esq.
116 South Main Street
Wallingford, CT 06492

By: _____

John J. Morgan (ct13312)
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph. (203) 356-1595
Fx: (203) 357-8397
Jmorgan@pmpalawyer.com