UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GETTY PROPERTIES CORP, ET AL.,

CIVIL ACTION NO.

3:12-CV-00865-AWT

PLAINTIFFS

V.

TUNIXS-OHR, INC., ET AL

DEFENDANTS							JULY 4, 2012

### DEFENDANT HSTN, LLC AND RENALDI'S GETTY, LLC'S OBJECTION TO EX PARTE ORAL MOTION AND MOTION FOR ORDER BARRING FURTHER EX PARTE ORAL MOTIONS

On June 12, 2012, the plaintiff made application to this Court for a Temporary Injunction pursuant to FRCP 65. That application was denied not once but twice by the court by way of orders dated June 19, 2012 and July 2, 2012.

On July 3, 2012, the plaintiff apparently made an ex parte oral motion to the court requesting reconsideration of the court's order, articulation of the court's order or other unknown relief. It is understood that the plaintiff has demanded further briefing

1

along with the submission of questions to the court for response.

The defendants object to this ex parte oral motion for the following reasons:

First, the motion was ex parte and oral. Accordingly, the undersigned has no idea what has been requested or the basis for such requests. Clearly, the plaintiff has made no attempt to comply with FRCP 7 (b) or Local Rule 7. Under those rules, any request for court action must be made by motion. The motion must be in writing. It must state with particularity the grounds and state the relief sought. Further, the opposing parties are provided sufficient time to review the motion and prepare an adequate response. No attempt to follow these procedures was ever made in this case. For that reason alone, the ex parte oral motion should be denied.

It appears that the relief sought is in the nature of a motion for reconsideration under local rule 7 (c). Again, that rule sets forth the procedure for seeking reconsideration; including, that said motion be in writing and accompanied by a memorandum. Said motion must comply with the procedural safeguards set forth in local rule 7 (a)(1). Again the plaintiff makes no attempt to follow that procedure either.

Further, it appears that the relief sought will require extensive discovery and legal research related to complicated, novel legal issues. It is simply not amenable to the

2

massively expedited timeframe sought by the plaintiffs.

In addition, the ex parte a motion and the time frames sought by the plaintiff does not take into account the orders of other judges with which the undersigned is obligated to comply. 1  It is simply not physically possible to comply with all of the orders of the various courts which are currently pending within the next week especially if this matter is added to the agenda.  More particularly, the undersigned is subject to the following constraints:

Lemos v. Picardo,  FST-CV10-6006747-S, currently called for trial July 11, 2012.

Caravello v. Ribiero, FBT-CV11-6017084-S, currently scheduled (but not yet called) for trial July 11, 2012.

Galvez v. Moorer,  FBT-CV09-5028408-S, currently scheduled (but not yet called) for trial July 11, 2012.

Daliah Kelly v. Pearson, FST-CV11-6007706-S,  currently scheduled (but not yet called) for trial July 18, 2012, and for a trial management conference July 12, 2012 and for depositon on July 10, 2012.

Masone v. Ritter, FST-CV10-6004409-S, currently scheuled for a Court ORDERED deposition July 6, 2012.

---

1 The plaintiffs are well aware of the undersigned's trial schedule – if this were not Connecticut Federal Court one might argue that  this ex parte oral motion is merely a thinly veiled attempt to obtain prejudicial advantage where the opposition is forced to give the matter something other than his full attention.  One hesitates to suggest that any officer of this court would take such deliberate action.  Accordingly, the undersigned makes no accusations.  That said, it is certainly a possible motivation.

Hawkins vs. Molleturo, Index Number: 017793/2010, currently scheduled for a Court ORDERED certification conference July 10, 2012.

This list does not include required court appearances all over the State in the 30+ eviction proceedings filed by Attorney Lee which are scheduled between July 9 and July 12, 2012.

The undersigned respectfully submits that the plaintiffs' oral ex parte a motion should be denied. The motion does not even make any attempt to comply with the rules of procedure and seeks relief for which specific rules have been adopted by the federal courts. Further, the relief sought should be denied based upon the impossibility of performance. The court was made aware of these conflicts in the July 2 teleconference call.

Is becoming increasingly clear that the plaintiff will stop at nothing to damage the to defendant locations. **There is nothing currently pending before the court**. The plaintiff's made application for a TRO which application was denied. Should they wish to obtain different relief or should the plaintiff seek to renew their application, there is a procedure for doing that. They should file something in writing with appropriate briefing to justify why the court and the parties should again revisit their application.

4

The defense respectfully submits that the court should not tolerate the kind of ad hoc ex parte procedure being adopted by the plaintiffs in this matter. Accordingly, the ex parte oral motion for unknown relief should be denied out of hand and the court should issue an order barring further ex parte communications with the court, the court clerk or any other agent serving or employee of the court which seeks any relief. The court should further order that all parties comply with the motion procedures set forth in the federal rules of civil procedure and local district rules.

                                      THE DEFENDANTS, HSTN, LLC and
                                      RENALDI'S GETTY, LLC

By_____
            John J. Morgan
            BARR & MORGAN
            22 Fifth Street
            Stamford, CT 06905
            (203) 356-1595
            Juris No. CT13312

## CERTIFICATE OF SERVICE

I hereby certify that on July 4, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By: _____
John J. Morgan (ct13312)
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph. (203) 356-1595
Fx: (203) 357-8397
Jmorgan@pmpalawyer.com