UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GETTY PROPERTIES CORP, ET AL.,

           CIVIL ACTION NO.
           3:12-CV-00865-AWT

  PLAINTIFFS

      V.

TUNIXS-OHR, INC., ET AL

DEFENDANTS                                AUGUST 13, 2012

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendants HSTN and Renaldi's hereby respond to the plaintiffs complaint as follows:

### By way of answer:

1. Denied.

2. Paragraph 2 contains legal conclusions to which no response is required. To extent a response is required, the defendants are without sufficient knowledge and therefore leave the plaintiffs to their proof.

3. Paragraph 3 contains the conclusions to which no response is required. To the extent that a response is required, the defendants are without sufficient knowledge and therefore leave the plaintiffs to their proof.

4. The defendants are without sufficient knowledge to admit or deny and therefore leave the plaintiffs to their proof.

5. The defendants are without sufficient knowledge to admit or deny therefore leave the plaintiffs to their proof.

1

6. These defendants are without sufficient knowledge to admit or deny and therefore leave the plaintiffs to their proof.

7. Admitted.

8. Admitted.

9. Denied.

10. These defendants are without sufficient knowledge to admit or deny and therefore leave the plaintiffs to their proof.

11. Denied.

12. Denied is pleaded. It is admitted only that at some point in time these defendants purchased BP gas.

13. Denied as pleaded. To the extent that said paragraph purports to quote the orders of another court, those orders speak for themselves. These defendants deny the conclusion reached by the plaintiffs.

14. Denied as pleaded. To the extent that said paragraph purports to quote from a lease, said lease speaks for itself. These defendants deny the conclusion reached by the plaintiffs.

15. Denied.

16. Denied.

17. It is admitted that these defendants remain in possession of the premises. The remainder of paragraph 17 is denied.

## Count I

18. The responses to paragraphs 1 through 17 herein are hereby incorporated by reference and made the responses to paragraph 18 herein.

19. It is admitted that HSTN has purchased motor fuel. The remainder of paragraph 19 is denied.

20. Denied.

21. Denied.

22. It is admitted that Renaldi's has purchased motor fuel. The remainder of paragraph 22 is denied.

23. Denied.

24. Denied.

## Count II

25. The responses to paragraphs 4 through 24 hereby incorporated by reference as if restated herein.

26. These defendants are without sufficient information to admit or deny and therefore leave the plaintiffs to their proof.

27. These defendants are without sufficient information to admit or deny and therefore leave the plaintiffs to their proof.

28. These defendants are without sufficient information to admit or deny and therefore leave the plaintiffs to their proof.

29. Denied.

30. These defendants are without sufficient information to admit or deny and therefore leave the plaintiffs to their proof.

31. These defendants are without sufficient information to admit or deny and therefore leave the plaintiffs to their proof.

32. Denied.

33. Denied.

34. These defendants are without sufficient information to admit or deny and therefore leave the plaintiffs to their proof.

35. These defendants are without sufficient information to admit or deny and therefore leave the plaintiffs to their proof.

36. Denied.

37. Denied.

38. Denied.

## Count III

39. The responses to paragraphs 4 through 38 are hereby incorporated by reference as if restated herein.

40. Denied.

41. Denied.

42. Denied.

## Count IV

43. The responses to paragraphs 4 through 42 are hereby incorporated by reference as if restated herein.

44. Denied.

45. Denied.

46. Denied.

**Count V**

47. The responses to paragraphs 4 through 46 are hereby incorporated by reference as if restated herein.

48. Denied.

**By Way of Affirmative Defenses:**

First affirmative defense:

The plaintiffs failed to set forth any claims upon which relief can be granted.

Second affirmative defense:

The plaintiffs lack standing to bring any of the claims stated in the complaint.

Third affirmative defense:

The court lacks personal jurisdiction over the defendants.

Fourth affirmative defense:

The plaintiffs failed to name parties required for a full adjudication of the matter as required by FRCP 19; namely, the other service station dealers presently, or allegedly, being served by the defendant Tuxis-Ohr.

Fifth affirmative defense:

The plaintiff's claims are barred by the doctrine of unclean hands.

Sixth affirmative defense:

The plaintiffs failed to mitigate any damages allegedly sustained.

Seventh affirmative defense:

To the extent the plaintiffs allege a trademark or trade dress violation, the plaintiff's actions are barred by the fair use doctrine.

Eighth affirmative Defense:

To the extent the plaintiffs allege a trademark or trade dress violation, the plaintiff's actions are barred by the collateral use doctrine.

Ninth affirmative defense:

The plaintiff's claims should be barred under the doctrine that equitable relief should not be granted to achieve an unconscionable result.

Tenth affirmative defense:

The plaintiff's claims should be barred in that the alleged trademark and trade dress are being used to misrepresent the source of the gasoline with which the trademark and trade dress are associated.

Eleventh affirmative defense:

To the extent that the plaintiffs claim conversion against these defendants said claim

should be barred in that the defendants have exclusive or shared interest in the property allegedly converted.

THE DEFENDANTS, HSTN, LLC and
RENALDI'S GETTY, LLC

By _____
John J. Morgan
BARR & MORGAN
22 Fifth Street
Stamford, CT 06905
(203) 356-1595
Juris No. CT13312

### CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

By: _____
John J. Morgan (ct13312)
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph. (203) 356-1595
Fx: (203) 357-8397
Jmorgan@pmpalawyer.com

7