UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GETTY PROPERTIES CORP. and NECG HOLDINGS CORP., | : | Case No. 3:12-CV-00865-JBA |
| Plaintiffs | : | |
| Vs. | | |
| TUXIS-OHR'S FUEL, INC. RENALDI'S GETTY, LLC and HSTN, LLC, Defendants | : | August 14, 2012 |

**ANSWER AND AFFIRMATIVE DEFENSES OF TUXIS-OHR'S FUEL, INC.**

BY WAY OF ANSWER:

1. Paragraph 1 is Denied.

2. Paragraph 2 is Denied.

3. As to Paragraph 3, the defendant Tuxis-Ohr's Fuel, Inc. does not have sufficient knowledge upon which to form a belief and leaves the plaintiffs to their proof.

4. Paragraph 4 is admitted.

5. As to Paragraph 5, the defendant Tuxis-Ohr's Fuel, Inc. does not have sufficient knowledge upon which to form a belief and leaves the plaintiffs to their proof.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Paragraph 9 is denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. As to Paragraph 12, the defendant Tuxis-Ohr's Fuel, Inc. does not have sufficient knowledge upon which to form a belief and leaves the plaintiffs to their proof.

13. As to Paragraph 13, the defendant Tuxis-Ohr's Fuel admits that Getty Petroleum Marketing, Inc. (GPMI) voluntarily filed a Chapter 11 Petition in Bankruptcy in December of 2011 and rejected its lease of the premises. The defendant Tuxis-Ohr's leaves the plaintiffs to their proof as to the balance.

As to the allegations regarding the Green Valley Oil (GVO) lease, this defendant admits that GVO voluntarily terminated its lease. It is specifically denied that the actions of GPMI and GVO set forth in Paragraph 13 affected in any way the rights of tenants in possession in those premises.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. HSTN and Renaldi's, to the knowledge of this defendant, are in possession of their respective premises pursuant to their right to continue in possession under the laws of the State of Connecticut.

COUNT I:

18. See answers to 1-17 above.

19. It is Admitted that Tuxis-Ohr's Fuel sold motor fuel to HSTN. It is specifically denied that the motor fuel is unbranded motor fuel. It is further denied that Tuxis-Ohr's Fuel deposited it anywhere except at the premises possessed by and controlled by the tenant in possession under the laws of the State of Connecticut.

20. Paragraph 20 is denied.

21. It is Admitted that Tuxis-Ohr's Fuel sold gasoline to HSTN. It is specifically denied that the gasoline is unbranded gasoline. It is further denied that Tuxis-Ohr's Fuel deposited it anywhere except at the premises possessed by and controlled by the tenant in possession under the laws of the State of Connecticut.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied. It is further denied that the plaintiff has ever requested access to the premises for making such examination of the premises as to assure them of a lack of environmental difficulty. The plaintiff has not plead at any time that it has requested access to check for environmental problems.

25. See answers to Paragraphs 4-24 above.

26. The defendant leaves the plaintiff to its proof as to what trademarks "BP" owns. The defendant leaves the plaintiff to its proof as to if these trademarks are registered with the United States Patent Office. The defendant leaves the plaintiff to its proof as to whether or not the "BP" marks are currently in full force and effect. The defendant denies that Getty Property Corp. possesses the right to enforce the "BP" trademark.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied. It is further denied that NECG holds anything but a license to sell "BP" gas. They are neither the owner or the registrant of "BP" trademarks.

31. As to Paragraph 31 the defendant Tuxis-Ohr's Fuel, Inc. does not have sufficient knowledge upon which to form a belief and leaves the plaintiffs to their proof.

32. It is denied that the defendant Tuxis-Ohr's Fuel requires the permission or consent of the plaintiffs to supply gasoline to Renaldi's Getty, LLC and HSTN, LLC.

It is further denied that either defendant operates a "BP" gasoline station.

It is admitted that the dealers covered any "BP" identifications of their property.

It is denied that the motoring public is deceived.

It is further alleged that if the plaintiff feels there are motorists that are deceived, the defendant leaves the plaintiff to its proof.

33. It is denied that the defendant is supplying unauthorized gasoline.

It is denied that the dealers are selling gasoline under a "BP" trademark.

It is denied that this plaintiff has the right to enforce "BP" trademarks.

It is denied that there is public confusion.

34. As to Paragraph 34, the defendant Tuxis-Ohr's Fuel, Inc. does not have sufficient knowledge upon which to form a belief and leaves the plaintiffs to their proof.

35. As to Paragraph 35, the defendant Tuxis-Ohr's Fuel, Inc. does not have sufficient knowledge upon which to form a belief and leaves the plaintiffs to their proof.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied. Any damages sustained by this plaintiff has been caused by their own willful act in refusing to supply the defendants Renaldi's Getty, LLC and HSTN, LLC.

38. It is denied that the plaintiff has standing under the Lanham Act to make this claim.

39. See answers to Paragraphs 4-38 above.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

BY WAY OF AFFIRMATIVE DEFENSES:

First affirmative defense:

The plaintiffs failed to set forth any claims upon which relief can be granted.

Second affirmative defense:

The plaintiffs lack standing to bring any of the claims stated in the complaint.

Third affirmative defense:

The court lacks personal jurisdiction over the defendants.

Fourth affirmative defense:

The plaintiffs failed to name parties required for a full adjudication of the matter as required by FRCP 19; namely, the other service station dealers presently, or allegedly, being served by the defendant Tuxis-Ohr.

Fifth affirmative defense:

The plaintiff's claims are barred by the doctrine of unclean hands.

Sixth affirmative defense:

The plaintiffs failed to mitigate any damages allegedly sustained.

Seventh affirmative defense:

To the extent the plaintiffs allege a trademark or trade dress violation, the plaintiff's actions are barred by the fair use doctrine.

Eighth affirmative Defense:

To the extent the plaintiffs allege a trademark or trade dress violation, the plaintiff's actions are barred by the collateral use doctrine.

Ninth affirmative defense:

The plaintiff's claims should be barred under the doctrine that equitable relief should not be granted to achieve an unconscionable result.

Tenth affirmative defense:

The plaintiff's claims should be barred in that the alleged trademark and trade dress are being used to misrepresent the source of the gasoline with which the trademark and trade dress are associated.

Eleventh affirmative defense:

To the extent that the plaintiffs claim conversion against these defendants said claim should be barred in that the defendants have exclusive or shared interest in the property allegedly converted.

Twelfth affirmative defense:

At no time has the defendant Tuxis-Ohr's Fuel, Inc. ever taken possession of the premises occupied by HSTN, LLC and Renaldi's Getty, LLC, its fixtures or equipment.

Thirteenth affirmative defense:

The complaint is insufficient to allege standing to bring a Lanham Act claim in that it demonstrates that this plaintiff is neither the owner or registrant and fails to allege that whoever the owner or registrant is has conveyed to it the right to bring this litigation.

Fourteenth affirmative defense:

The complaint fails to disclose standing to bring a claim for conversion as it does not plead that Getty Property Corp. owns the tanks or pumps. On information and belief the plaintiff avers that they do not.

THE DEFENDANT, TUXIS-OHR'S FUEL,

BY _____
Vincent T. McManus, Jr.
Vincent T. McManus, Jr. P.C.
116 South Main Street
Wallingford, CT 06492
Fed. Bar #05503
203-269-1111 / 203-265-0625-Fax
attorneymcmanus@snet.net

## CERTIFICATION

I hereby certify that on August 14, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the court's system.

_____
Vincent T. McManus, Jr.
Attorney for Tuxis-Ohr's Fuel