UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GETTY PROPERTIES CORP. and NECG HOLDINGS CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> TUXIS-OHR FUEL, INC., RENALDI'S GETTY, LLC, and HSTN LLC, <br><br> Defendants. | Civil Action No. 3:12-CV-00865-AWT <br><br><br> August 14, 2012 |

## PARTIES' JOINT REPORT PURSUANT TO FRCP 26(f)

Except where otherwise noted, the parties to this litigation submit this report jointly:

1. Counsel for the parties met with PJO James Hawkins on Sunday, July 8, 2012 to discuss discovery in this case. Attorney McManus could not attend. On July 30, 2012, the parties attended a settlement conference at the Bridgeport Courthouse supervised by PJO Hawkins. This report is the result of discussions at those conferences and subsequent telephone conversations.

2. Initial Disclosures. The parties will complete initial disclosures on or before August 28, 2012.

3. Discovery Plan. – The defense suggests that discovery proceed in stages. The first stage should be limited to matters required by the pending preliminary injunction hearing. Other matters should be reconsidered after a ruling on that injunction.

   (a) Subjects on which discovery is needed. Plaintiffs seek discovery as to the identity and extent of gasoline deliveries and sales by Defendant Tuxis-Ohr. As to HSTN and Renaldi's, they seek discovery of the relevant franchise

documents with Green Valley Oil, documents constituting the termination letter sent by Green Valley Oil on or about April 18, 2012 and documents Defendants intend to rely on to support their claim to a right to purchase motor fuel from any source other NECG Holdings.  The defense expects substantial discovery regarding the transactions involving the properties in the complaint as well as the various rights of ownership and possession; the alleged misuse of trade dress; the ownership and rights with respect to said trade dress or related marks; the activities in related litigation; communications amongst all parties, related entities and parties to related transactions as well as forensic matters related to the plaintiffs' claims.

(b) Disclosure or discovery of electronically stored information.  The parties will produce such items in PDF form on DVD disc.

(c) The parties have agreed to a confidentiality stipulation and order, which is attached hereto for the Court's review and signature.  The stipulation provides that documents produced in this litigation may also be used in 3:12-CV-474 and the state summary process proceedings now pending on the Complex Litigation Docket in Stamford.  The defense notes that it will also govern use of the documents in related actions for instance the Bankruptcy matter.

(d) Plaintiffs served their document request on all defendants on July 6, 2012.  Defendants have not responded.  They agree to respond on or before August 21, 2012.

Defendants HSTN and Renaldi's Getty served a Revised Request for Production of Documents on July 13, 2012.  Plaintiffs served Objections and

993359.1

Responses to defendants' requests on July 23, 2012 and made an initial disclosure of responsive documents on July 27, 2012. Plaintiffs will complete the document production on August 28, 2012.

Defendant Tuxis-Ohr has not served a document request.

Plaintiffs will complete document production by August 31, 2012. The defense suggests that the foregoing deadlines be limited to those matters in the preliminary injunction.

(e) Plaintiffs do not plan to serve interrogatories. The defense reserves the right to serve interrogatories.

(f) Plaintiffs do not plan to serve requests for admission, except as to the authenticity of documents. The defense reserves the right to serve requests for admission.

(g) The plaintiff suggests that each party be limited to two depositions. The defense is uncertain how many depositions will be required and that determination will depend largely on activity in other litigation. Accordingly, the defense reserves the right to take such depositions.

(h) The plaintiff proposes depositions be limited to six hours. Although the defense does not presently expect any deposition to require over 6 hours, given the number of current and expected parties, that deadline might not be met in one or more depositions.

(i) Expert witness reports shall be served on September 12, 2012. Reply reports shall be served on September 24, 2012. Expert depositions shall take place during the week of September 24, 2012. The defense suggests that the

foregoing deadlines be limited to those matters in the preliminary injunction. As to other matters, (i.e. damages) disclosures should be agreed at a later date, but in no event later than 60 days before trial.

(j) Supplementations under Rule 26(e) shall be made by September 14, 2012. The defense suggests that the foregoing deadline be limited to those matters in the preliminary injunction.

4. Other Items:

(a) The parties seek to meet or confer with the Court prior to a scheduling order on August 16, 2012. The defense suggests that no meeting is required, a conference call is sufficient.

(b) The parties shall file supplemental briefs and affidavits regarding the motion for a preliminary injunction on August 31, 2012. The parties shall file reply papers on September 5, 2012. The dealer defendants suggest September 14 for supporting, September 24 for response, and September 27 for reply and any bench memoranda, motions in limine or similar shall be served on all parties, by noon the day prior to the hearing.

(c) The Court shall hear the motion for preliminary injunction on September 7, 2012. The dealer defendants suggest October 2 – due to counsel's trial schedule. (A copy of the e-mail sent to counsel with respect to the same is attached.) The Defendant Tuxis-Ohr, seeks late October, early November as the Court's schedule permits.

(d) A pretrial conference is requested ten days before trial.

(e) The plaintiff suggests that Defendants shall answer or otherwise plead with respect to the Complaint on or before August 24, 2012. Plaintiff shall amend pleadings to add parties on or before August 31, 2012. The defense suggests that any default motions should therefore be deemed withdrawn and that if the complaint is to be amended, the response should be adjusted accordingly. At a minimum, the dates should be reversed.

(f) The plaintiff suggests that Defendants shall amend pleadings to add parties on or before August 31, 2012. The defense suggests that the date be 15 days after plaintiff files the amended complaint.

(g) Dispositive motions shall be filed on or before September 14, 2012. The defense suggest this be limited to motions addressed to the preliminary injunction.

(h) Plaintiffs have attempted to reach settlement with the HSTN and Renaldi's defendants without success. There is no realistic prospect of settlement. Settlement with Tuxis-Ohr is more likely. The dealer defendants believe a global settlement could be reached with the plaintiff NECG if the Getty plaintiffs were not involved. However, under the current procedural posture, that is not feasible. The defense will continue to attempt reasonable settlement discussions.

(i) Plaintiffs do not believe alternative dispute resolution would be useful. In light of the plaintiff's position, the defense must agree.

(j) Trial witness lists, deposition designations and exhibit lists shall be made by September 21, 2012. The defense suggests that the foregoing deadline be limited to those matters in the preliminary injunction.

(k) FRCP 26(a)(3) objections shall be filed by September 28, 2012. The defense suggests that the foregoing deadline be limited to those matters in the preliminary injunction.

(l) Plaintiffs suggest a trial date of October 1, 2012 and project trial time of four days. The dealer defendants agree that October 1, or preferably October 2 would be a suitable date for the evidentiary hearing on the preliminary injunction. It would allow for continuances in trials scheduled October 3, 11 and 17. Dates before or after would be very problematic. Tuxis-Ohr suggests

(m)that a more reasonable date would be late October, early November at the Court's convenience.

Date: August 14, 2012

ANDERSON KILL & OLICK PC

By _____
Charles T. Lee, Esq.
Anderson Kill & Olick, P.C.
1055 Washington Blvd., Suite 510
Stamford, CT 06901
Ph.: (203) 388-7950
Fx.: (203) 388-0750
Bar # (CT00297)

Dated: August 14, 2012

*Attorneys for:* Getty Properties Corp and NECG Holdings Corp.

BARR & MORGAN

By _____
John J. Morgan
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph.: (203) 356-1595
Fx.: (203) 357-8397
Bar # (CT13312)

Dated: August 14, 2012

*Attorneys for:* Renaldi's Getty, LLC, and HSTN LLC

LAW OFFICE OF VINCENT MCMANUS, ESQ.

By _____
Vincent J. McManus, Esq.
116 South Main Street
Wallingford, CT 06492
Ph.: (203) 269-1111
Fx.: (203) 265-0625
Bar # (CT05503)

Dated: August 14, 2012

*Attorney for:* TUXIS-OHR FUEL, INC.

993359.1

## John Morgan

**From:** John Morgan [jmorgan@pmpalawyer.com]
**Sent:** Tuesday, August 14, 2012 1:25 PM
**To:** 'Vincent McManus'; 'Lee, Charles T.'
**Subject:** trial schedule.

```
This is my trial schedule:

September 5, 2012 -- TRO/PI hearing SRG Fuel et al  v. Eljamal et al - NY
Supreme Court it is unclear how long that will last.

The Week of September 10, I have two trials Aponte v. Hodnett - For which I
have a hearing scheduled today at which I will seek a continuance.
And am on TRO/PI/trial with Judge Edginton in Croton Falls v. Metro NY Fuels.
 That matter will take four days.

I am scheduled to sit as an ATR in Stamford Superior Court on Friday September
14, 2012.

I am then ordered to be in Superior Court in Boston the week of September 24,
2012.  I am a defendant - so I have no control over that.

I then have three trials in October:

Pelletier v. Orem on 10/3 - which I would love to get continued.

Putnam v. Branca - on 10/11/12 - which is short

Rubino v. Meshia - on 10/17 - which is a modest case.

If we schedule this for 10/2 -- I should be able to force continuances in the
October cases.

Sincerely,

John J. Morgan
Attorney at Law
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
(ph) 203-356-1595
(fx) 203-357-8397


This email is intended solely for the use of the individual to whom it is
addressed and may contain information that is privileged, confidential or
otherwise exempt from disclosure under applicable law. If the reader of this
email is not the intended recipient or the employee or agent responsible for
delivering the message to the intended recipient, you are hereby notified that
any dissemination, distribution, or copying of this communication is strictly
prohibited. If you have received this communication in error, please
immediately notify us by telephone and return the original message to us at
the listed email address. Thank You
```

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GETTY PROPERTIES CORP. and NECG HOLDINGS CORP., | Civil Action No. 3:12-CV-00865-AWT |
| Plaintiffs, | |
| vs. | |
| TUXIS-OHR FUEL, INC., RENALDI'S GETTY, LLC, and HSTN LLC, | July 25, 2012 |
| Defendants. | |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The Parties to this litigation, by and through their undersigned counsel, hereby agree as follows:

(a)  Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

(b)  The intent of the parties is that the confidential information disclosed shall be used for the above referenced litigation as well as related litigation between (i) the parties hereto and (ii) one or more of the parties hereto and other entities. Notwithstanding said intent no signatory to this order shall disclose any confidential information to any person or entity except as permitted in this order or unless necessary to advance the related litigation. If confidential information is disclosed in any related litigation, all recipients of said information shall be notified of this order and this order

shall apply to all recipients of said information unless expressly superseded by an order of a court of competent jurisdiction. The parties further stipulate that this stipulation may be "so ordered" in any litigation in which they are parties upon application to the relevant Court. This Court shall retain jurisdiction to the extent necessary to enforce this order unless another court of competent jurisdiction exercises authority over the said confidential information. In any matter in which another court exercises jurisdiction, such other Court shall control disclosure in the relevant jurisdiction.

(c) In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute in accordance with Rule 37(a)(2) of the Local Rules of the District Court for the District of Connecticut, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Stipulation and Protective Order operated to create an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law and Court rules.

(d) Information or documents designated as "Confidential" shall not be disclosed to any person, except:

(1) The requesting party and counsel of record;

(2) Employees of such counsel assigned to and necessary to assist in the litigation;

(3) Consultants or experts to the extent deemed necessary by counsel;

(4) Any person from whom testimony is taken or is to be taken in these actions, except that such person may only be shown that confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

2

(5)     The Court or the jury at trial or as exhibits to motions.

(e)     Prior to disclosing or displaying the confidential information to any person, counsel shall:

(1)     Inform the person of the confidential nature of the information or documents; and

(2)     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation or the summary proceedings pending in state court between the Parties and other former Green Valley dealers, as the case may be, and has enjoined the disclosure of that information or documents to any other person.

(f)     The confidential information may be displayed to and discussed with the persons identified in Paragraphs (d)(3) and (4) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

(g)     For the purpose of Paragraphs (d)(4) and (5), any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and such documents will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5€ of the Local Rules of this Court. This Protective Order does not provide for the automatic sealing of any documents.

(h)     At the conclusion of litigation and upon request by the producing party, the confidential information and any copies thereof shall be promptly (and in no event later

3

than forty-five (45) days after entry of final judgment) returned to the producing party or certified as destroyed.

(i)    The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

_____
Charles T. Lee, Esq.
Anderson Kill & Olick, P.C.
1055 Washington Blvd., Suite 510
Stamford, CT 06901
Ph.: (203) 388-7950
Fx.: (203) 388-0750
Bar # (CT00297)

Dated: July 2, 2012

*Attorneys for:* Getty Properties Corp and NECG Holdings Corp.

_____
John J. Morgan
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph.: (203) 356-1595
Fx.: (203) 357-8397
Bar # (CT13312)

Dated: July   , 2012

*Attorneys for:* Renaldi's Getty, LLC, and HSTN LLC

_____
Vincent J. McManus, Esq.
116 South Main Street
Wallingford, CT 06492
Ph.: (203) 269-1111
Fx.: (203) 265-0625
Bar # (CT05503)

Dated: July   , 2012

*Attorney for:* TUXIS-OHR FUEL, INC.

IT IS SO ORDERED.

_____
Hon. Alvin W. Thompson, U.S.D.J.

4

than forty-five (45) days after entry of final judgment) returned to the producing party or certified as destroyed.

(i) The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

---

Charles T. Lee, Esq.
Anderson Kill & Olick, P.C.
1055 Washington Blvd., Suite 510
Stamford, CT 06901
Ph.: (203) 388-7950
Fx.: (203) 388-0750
Bar # (CT00297)

Dated: July    , 2012

*Attorneys for:* Getty Properties Corp and NECG Holdings Corp.

---

John J. Morgan
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph.: (203) 356-1595
Fx.: (203) 357-8397
Bar # (CT13312)

Dated: July    , 2012

*Attorneys for:* Renaldi's Getty, LLC, and HSTN LLC

Vincent J. McManus, Esq.
116 South Main Street
Wallingford, CT 06492
Ph.: (203) 269-1111
Fx.: (203) 265-0625
Bar # (CT05503)

Dated: July    , 2012

*Attorney for:* TUXIS-OHR FUEL, INC.

IT IS SO ORDERED.

---

Hon. Alvin W. Thompson, U.S.D.J.

4

991950.3
992318.1

EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| GETTY PROPERTIES CORP. and NECG HOLDINGS CORP., | Civil Action No. 3:12-CV-00865-AWT |
| Plaintiffs, | |
| vs. | |
| TUXIS-OHR FUEL, INC., RENALDI'S GETTY, LLC, and HSTN LLC, | July 25, 2012 |
| Defendants. | |

### EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENITAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any confidential information to any person or entity except as permitted in the order. If confidential information is disclosed in any litigation other than that captioned above, I agree that the order in that case shall apply to me and all other recipients of said information unless expressly superseded by an order of a court of competent jurisdiction. I further stipulate that this exhibit and the Order may be "so ordered" in any related litigation in which I am a party upon application to the relevant Court. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Connecticut only to the extent necessary

5

to enforce this order unless another court of competent jurisdiction has exercised authority over the said confidential information. In any matter in which another court exercises jurisdiction, such other Court shall control disclosure in the relevant jurisdiction and I hereby agree to submit to the jurisdiction of that court solely with respect to the same.

_____    DATED:_____

**Signed in the presence of:**

_____
(Attorney)

6