UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GETTY PROPERTIES CORP. and NECG HOLDINGS CORP., | : Case No. 3:12-CV-00865-JBA |
| | : |
| Plaintiffs | : |
| Vs. | |
| TUXIS-OHR'S FUEL, INC. RENALDI'S GETTY, LLC and HSTN, LLC, | |
| Defendants | : September 19, 2012 |

**MOTION FOR PROTECTIVE ORDER**
**(DEPOSITION OF JAMES VITALI)**

The defendant Tuxis-Ohr's Fuel, Inc., pursuant to Rule 26(c) of the Rules of Civil Procedure, moves for a protective order as to James Vitali of Tuxis-Ohr's Fuel, Inc. to protect him from annoyance and undue burden in the giving of a deposition noticed by the plaintiff, Getty Properties Corp. and NECG Holdings Corp, a copy of . (Exhibit A).

The deposition notice instructs the deponent to "bring and produce at such time and place the documents described on the attached Schedule 1" which include all records of the defendant Tuxis-Ohr's with 34 customers, 32 of which are not parties to the action commenced by this plaintiff (See Exhibit A to Exhibit 1).

The defendant Tuxis-Ohr's believes this request exposes it to undue burden as it is effectively asking that the plaintiff Getty Properties Corp. and NECG Holdings Corp. be able to discover the defendant's business dealings

1

with people that Getty and NECG have chosen not to make parties to this litigation.

For whatever factors Getty considered in not making them a party to this litigation, it cannot now expand its discovery to potentially examine every aspect of the defendant Tuxis-Ohr's business.

The defendant Tuxis-Ohr's makes no objection to producing the records of its business dealings with the named defendants in this case, Rinaldi's Getty, LLC and HSTN, LLC, but believes that the information sought as to the 32 other non-parties is by definition irrelevant to the issues as plead.

> " . . . a trial court may grant a protective order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."
> <u>Pintos v. Pacific Creditors Association</u>, 565 F.3d 1106, 1115 (9th Cir.2009)

> "In general the court will balance the need of the party seeking discovery against the burden on the party responding."
> Federal Rules of Evidence Handbook, 2012, Biacker-McGee, Janssen and Corr, Pg. 789.

The Federal Rules of Evidence defines "relevant evidence" as:

> "Evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The plaintiff by its complaint has defined the parameters of this action, has limited its complaint to the defendants Rinaldi's Getty LLC and HSTN, LLC. What direct or circumstantial evidence is relevant to prove any of the allegations concerning the defendant Tuxis-Ohr's relationship with Renaldi's Getty LLC and HSTN must logically arise from the business dealings between the defendant Tuxis-Ohr's Fuel and those two defendants.

The allegations in the complaint cannot, therefore, be proved by the defendant Tuxis-Ohr's business dealings with persons not named in the complaint. The term "material" has been defined as a "fact of consequence". West Handbook of Evidence, 2nd Edition, §401.1, Pages 150-151.

As pled, the plaintiff's complaint is limited to two of the defendant's customers. Therefore, the plaintiff has not shown good cause for the production of records of the business dealings of the defendant with 32 other customers and therein lies the undue burden.

Wherefore, the defendant requests the entry of a protective order with reference to any information sought by this plaintiff as it relates to any of the gasoline service stations listed on Exhibit A which are not parties to this action.

THE DEFENDANT, TUXIS-OHR'S FUEL,

BY _____
Vincent T. McManus, Jr.
Vincent T. McManus, Jr. P.C.
116 South Main Street
Wallingford, CT 06492
Fed. Bar #05503
203-269-1111 / 203-265-0625-Fax
attorneymcmanus@snet.net

## CERTIFICATION

I hereby certify that on September 19, 2012, a copy of the foregoing was served by mail as follows:

Charles T. Lee, Esq., Anderson, Kill & Olick, P.C., 1055 Washington Boulevard, Stamford, CT 06901

John J. Morgan, Esq., Barr & Morgan, 22 Fifth Street, Stamford, CT 06901.

_____
Vincent T. McManus, Jr.
Attorney for Tuxis-Ohr's Fuel, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GETTY PROPERTIES CORP. and NECG HOLDINGS CORP., | Civil Action No. 3:12-CV-00865-AWT |
| Plaintiffs, | |
| vs. | |
| TUXIS-OHR FUEL, INC., RENALDI'S GETTY, LLC, and HSTN LLC, | September 18, 2012 |
| Defendants. | |

## NOTICE OF DEPOSITION

TO:     ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that at **10:00 a.m. on Thursday, the 27th day of September, 2012**, at the law offices of Anderson, Kill & Olick, P.C., 1055 Washington Boulevard, Suite 510, Stamford, CT 06901, the Plaintiffs, Getty Properties Corp. and NECG Holdings Corp., will take the deposition of **James Vitale**, of Tuxis-Ohr Fuel, Inc., 80 Britannia Street, Meriden, CT 06450, upon oral examination pursuant to the Federal Rules of Civil Procedure. The deposition shall be conducted by stenographic and/or audio and video means before an appropriate court reporting service, a notary public, or before some other officer authorized by law to administer oaths. The oral examination shall continue from day to day until completed. You are invited to attend and cross-examine.

994844.2                    EXHIBIT A

Plaintiffs further demand that the deponent bring and produce at such time and place the documents described on the attached Schedule 1.

PLAINTIFFS,
GETTY PROPERTIES CORP. and NECG HOLDINGS CORP.

By _____
Charles T. Lee (CT00297)
ANDERSON KILL & OLICK, P.C.
1055 Washington Boulevard, Suite 510
Stamford, CT 06901
Telephone: (203) 388-7950
Facsimile: (203) 388-0750
E-Mail: clee@andersonkill.com

*Attorneys for:* Getty Properties Corp.
NECG Holdings Corp.

2

994844.2

## SCHEDULE 1

1. Any and all records, invoices, purchase orders, or other documents sufficient to show any sale of gasoline, fuel oil, or any other product by Tuxis or any of its parent or subsidiary companies, or by any of its agents, officers or employees, to any of the gasoline service stations listed on attached Exhibit A from May 1, 2012 through the present.

2. All communications, including electronic, between Tuxis or any of its parent or subsidiary companies, or any of its agents, officers or employees and the Dealer Defendants or operators of any of the gasoline service stations listed on Exhibit A, or any of their parent or subsidiary companies, agents, officers or employees, from May 1, 2012 through the present.

3. Any and all contracts, agreements, letters, riders or written communications between Tuxis or any of its parent or subsidiary companies, agents, officers or employees and the gasoline service stations listed on attached exhibits A from May 1, 2012 through the present.

4. Any and all incorporating documents filed by Tuxis with the Secretary of State of Connecticut from 2010 to the present.

4

## Exhibit A
## GETTY LOCATIONS

| | | |
|---|---|---|
| Saud Alkulaib<br>47 Wolcott Road<br>Wolcott, CT 06716 | JZ Mart, LLC<br>300 Bridgeport Avenue<br>Milford, CT 06460 | One Stop Mart, LLC<br>231 Cherry Street<br>Milford, CT 06460 |
| UNHK, LLC<br>208 Foxon Road<br>North Branford, CT 06471 | Janrisk Capital, LLC<br>721 Kings Highway<br>Fairfield, CT 06430 | Indtur, LLC<br>531 North Main Street<br>Union City, CT 06770 |
| Navjot Enterprises, Inc.<br>241 Kimberly Avenue<br>New Haven, CT 06519 | Rao Zahid Khan<br>216 Merrow Road<br>Tolland, CT 06084 | ZS Enterprises, LLC<br>3 West Stafford Road<br>Stafford Springs, CT 06076 |
| Shahid Siddiq<br>886 Hartford Road<br>Manchester, CT 06040 | ASTAHN, LLC<br>850 Hopmeadow Street<br>Simsbury, CT 06070 | Mujtaba Khalied<br>176 Tolland Turnpike<br>Manchester, CT 06040 |
| HSTN, LLC<br>126 South Road<br>Enfield, CT 06082 | ATKR, LLC<br>561 Sullivan Avenue<br>South Windsor, CT 06074 | John Buzzeo<br>Mario Buzzeo<br>242 South Salem Road<br>Ridgefield, CT 06877 |
| Superior Service, Inc.<br>813 Federal Road<br>Brookfield, CT 06804 | Wilton Service Center Inc.<br>210 Danbury Road<br>Wilton, CT 06897 | Mehar Petro Inc.<br>241 White Street<br>Danbury, CT 06810 |
| Pamby Motors Inc.<br>36 Danbury Road<br>Ridgefield, CT 06877 | Expert Automotive Repairs, LLC<br>206 Main Avenue<br>Norwalk, CT 06851 | 331 West Avenue Gas Station, LLC<br>331 West Avenue<br>Norwalk, CT 06853 |
| West Broad Service Center, LLC<br>59 West Broad Street<br>Stamford, CT 06902 | Mica Enterprises, Inc.<br>224 Magee Avenue<br>Stamford, CT 06902 | J&J Car Care Center, Inc.<br>271 Post Road East<br>Westport, CT 06880 |
| Thomas Ceraso<br>179 Noroton Avenue<br>Darien, CT 06820 | Bodaeve, Inc.<br>d/b/a Bull's Head<br>16 Long Ridge Road<br>Stamford, CT 06905 | Hawar Ramadhan<br>1235 Park Avenue<br>Bridgeport, CT 06604 |
| RHS, LLC<br>1267 Fairfield Avenue<br>Bridgeport, CT 06605 | Adnan Rahim<br>Saleh Rana<br>1789 Barnum Avenue<br>Bridgeport, CT 06610 | Adnan Akach<br>3725 Madison Avenue<br>Bridgeport, CT 06606 |
| Adnan Akach<br>2098 Fairfield Avenue<br>Bridgeport, CT 06605 | Renaldi's Getty, LLC<br>612 Route 82<br>Montville, CT 06370 | P&M Petro Mart<br>441 West Avon Road<br>Avon, CT 06001 |
| Adnan Rahim<br>540 Derby Avenue<br>West Haven, CT 06516 | | |

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, via certified mail, return receipt requested, to the following counsel of record this 18th day of September, 2012:

Vincent T. McManus, Jr., Esq.
Vincent T. McManus, Jr. P.C.
116 South Main Street
Wallingford, CT  06492

John J. Morgan, Esq.
Barr & Morgan
22 Fifth Street
Stamford, CT  06905

_____
Charles T. Lee

3

994844.2