UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GETTY PROPERTIES CORP. and NECG HOLDINGS CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> RENALDI'S GETTY, LLC, HSTN LLC, et al. <br><br> Defendants. | Civil Action No. 3:12-CV-00865-AWT <br><br><br><br><br><br> November 28, 2012 |

## MOTION FOR LEAVE TO AMEND TO JOIN ADDITIONAL DEFENDANTS

Pursuant to Fed. R. Civ. P. 15(a)(2) and 20(a)(2), Plaintiffs, Getty Properties Corp. ("Getty") and NECG Holdings Corp. ("NECG"), by and through undersigned counsel, hereby respectfully move for leave to amend their Complaint to join 31 other Connecticut gasoline station operators who, like the named defendants, are purchasing or have purchased fuel from unauthorized suppliers and are selling or have sold it from Getty and NECG-owned storage tanks and equipment. The names and business addresses of the 33 defendants (the "Defendants") are set forth in paragraphs 6 to 38 of the Amended Complaint attached hereto as **Exhibit A**.

The Court should grant leave to join the additional Defendants for two reasons. First, joinder will not prejudice the Defendants or unduly delay the proceedings. The 31 proposed additional defendants who are actively litigating these matters are represented by the same counsel as the named defendants in the pending consolidated

1

state court summary process action,[1] and there is no new discovery sought from the Defendants except for records of recent purchases from unauthorized suppliers from October 21, 2012 to the present. See FED. R. CIV. P. 15(a)(2). Second, joinder will serve the interests of judicial economy as Plaintiffs' right to relief against the 31 proposed additional defendants arises out of the same series of transactions as the underlying suit and involves common questions of law and fact. See FED. R. CIV. P. 20(a)(2)(A-B).

The Plaintiffs also seek leave to amend their Complaint once they learn of the identities of the supplier or suppliers from whom the Defendants have been or had been purchasing gasoline.

## I.   FACTUAL BACKGROUND

Plaintiffs instituted this TRO and preliminary injunction action against two operator defendants, Renaldi's Getty, LLC and HSTN, LLC, and their unauthorized supplier, Tuxis-Ohr Fuel, Inc. ("Tuxis"), by Complaint dated June 7, 2012 after learning that Tuxis was illegally supplying fuel to these defendants. On October 17, 2012, Plaintiffs entered into a Stipulation of Settlement and Order of Dismissal with Tuxis, which was so ordered by this Court on October 18, 2012. (Doc. #68). In the Stipulation, Tuxis acknowledged that it had been supplying gasoline to 32 service stations in addition to the named defendants since May 1, 2012, and provided Plaintiffs with records of its deliveries. Id. at ¶ 1.

---

[1] Plaintiffs recently were informed that there are two defendant entities in the state action, and sought to be joined to this action, that are not represented by Attorney Morgan – Astahn, LLC and ALP Convenience. A motion for default for failure to appear is pending against Astahn in state court. ALP Convenience is represented by Attorney Bruce G. Tempkin in a separate proceeding pending in Housing Court.

2

The Stipulation further stated that once Tuxis ceased delivering to the 34 service stations, "NECG will offer to supply the Stations on a delivered tank wagon basis consistent with the commercial terms of the Stations' most recent supply contract with Green Valley Oil, LLC, and will do so upon acceptance by the operators at such locations of such offer …." *Id.* at ¶ 6. Plaintiffs mailed temporary supply agreements to all 34 service station operators in accordance with the Stipulation on or about October 20, 2012. The temporary supply arrangement specifically states: "This arrangement is temporary and shall be in effect during the pendency of the legal proceedings relating to this location, subject to any earlier termination based on the terms of the agreements between NECG and you."

To date, six operators have accepted Plaintiffs' temporary supply agreement. The remaining operators, including the two named defendants, continue to purchase gasoline from unauthorized suppliers and re-sell it to the motoring public from Getty or NECG-owned pumps and storage tanks. The Proctor Affidavit submitted herewith indicates that 11 of the remaining 27 stations were not selling gasoline at the time of his visit. Plaintiffs still seek to enjoin all 27 of those "Operator Defendants" to prevent them from purchasing gasoline from unauthorized suppliers in the future. While Plaintiffs are not seeking injunctive relief with respect to the six operators currently being supplied by NECG on a temporary basis, those defendants still must be joined for purposes of potential damages to Plaintiffs incurred over the nearly six-month period before these six defendants agreed to the temporary supply arrangement with NECG. Accordingly, Plaintiffs now move to amend their Complaint to seek relief against the 31 proposed additional defendants as well as the two named defendants.

3

## II.     LAW AND ARGUMENT

Fed. R. Civ. P. 15(a)(2) states that a "party may amend its pleading only with the opposing party's written consent or the court's leave" and that leave should be given "freely ... when justice so requires." See *Dluhos v. The Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998).  Under Fed. R. Civ. P. 20(a)(2), parties are permitted to amend their complaint to join additional defendants if the "right to relief [] asserted against them ... aris[es] out of the same transaction, occurrence, or series of transactions or occurrences and [a] question of law or fact common to all defendants will arise in the action." See FED. R. CIV. P. 20(a)(2).  The Second Circuit routinely has held that "[p]arties are generally allowed to amend their pleadings absent bad faith or prejudice." *Commander Oil Corp. v. Barlo Equipment Corp.*, 215 F.3d 321 (2d Cir. 2000).

Here, leave to amend to join the 31 additional defendants should be granted because Plaintiffs seek the same relief from these defendants as they do from Renaldi's Getty and HSTN.  Joining additional defendants at this stage of the proceedings will not prejudice the named defendants or unduly delay the proceedings because Plaintiffs seek no new discovery from the proposed defendants (with the exception of recent purchase records) and no scheduling order has been entered.  Additionally, the proposed additional defendants are all parties to the state court proceeding before Judge Brazzel-Massaro (with the exception of ALP Convenience, with whom Getty is litigating in Housing Court), and the actively litigating parties proposed to be joined in this action are all represented by the same counsel as Renaldi's Getty and HSTN.  In this instance, joinder is essentially a ministerial act and is appropriate in light of the

Plaintiffs' settlement with Tuxis, after which Plaintiffs learned that the additional defendants had been purchasing and continue to purchase gasoline from other unauthorized suppliers.

## III. CONCLUSION

For all the reasons set forth herein, the Court should grant Plaintiffs' motion for leave to amend their Complaint to join the 31 proposed additional defendants as well as any unauthorized supplier(s) once their identities become known to Plaintiffs.

                                      PLAINTIFFS, GETTY PROPERTIES
                                      CORP. and NECG HOLDINGS CORP.

By:     */s/ Charles T. Lee*
        Charles T. Lee (CT00297)
        Cort T. Malone (CT29018)
        Rachel L. Ginsburg (CT28563)
        ANDERSON KILL & OLICK, P.C.
        1055 Washington Boulevard, Suite 510
        Stamford, CT  06901
        Telephone:  203-388-7950
        Facsimile:  203-388-0750

        *Attorneys for:* Getty Properties Corp.
                        NECG Holdings Corp

## CERTIFICATION

I, Cort T. Malone, Esq., hereby certify that on November 28, 2012, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will automatically send email notification of such filing to the following attorneys of record:

John J. Morgan, Esq.
Barr & Morgan
22 Fifth Street
Stamford, CT  06905

                                                  /s/ Cort T. Malone
                                                  Cort T. Malone

999446.1