UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GETTY PROPERTIES CORP. and NECG HOLDINGS CORP, <br><br> Plaintiffs, <br><br> vs. <br><br> RENALDI'S GETTY, LLC, HSTN LLC, et al. <br><br> Defendants. | Civil Action No. 3:12-CV-00865-AWT <br><br><br><br> November 28, 2012 |

## MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND LIMITED EXPEDITED DISCOVERY

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and upon the Amended Complaint, the affidavits of Kevin Shea and Michael Proctor, and the memorandum of law submitted herewith, Plaintiffs Getty Properties Corp. ("Getty") and NECG Holdings Corp. ("NECG") respectfully move this Court for (a) a temporary restraining order and preliminary injunction against 27 operator defendants (the "Operator Defendants") unlawfully occupying Plaintiffs' service stations restraining them from purchasing, storing, and selling unauthorized petroleum products at the retail gasoline service stations listed at paragraphs 6 to 32 of Plaintiffs' Amended Complaint (the "Service Stations"); and (b) limited expedited documentary discovery to determine the identity of any unauthorized supplier(s) and deliverer(s) of the gasoline being sold at the service stations.

**ORAL ARGUMENT REQUESTED/
TESTIMONY NOT REQUIRED**

1

999449.1

In support of their motion, Plaintiffs represent as follows:

1. As more fully set forth the Affidavits of Kevin Shea, Getty entered into a Unitary Lease with NECG, which currently includes 22 Connecticut stations that are being illegally occupied by the Operator Defendants. Getty has not yet sublet an additional five Connecticut stations that also are being illegally occupied by the Operator Defendants. Getty and/or NECG own the BP or Getty branded stations, underground storage tanks, and dispensing pumps that the Operator Defendants currently are occupying and using for the sale of motor fuel to the public.

2. As a result of the termination of the Master Lease between Getty and Getty Petroleum Marketing Inc. ("GPMI") and the GPMI sublease to Green Valley Oil, LLC ("GVO""), as well as the termination of the Operator Defendants' sub-subleases with GVO, the leases of all the Operator Defendants terminated at the latest as of April 30, 2012.

3. Getty offered the Operator Defendants temporary licenses to allow them to remain in the stations until they executed leases and supply agreements with Getty's designated distributor, NECG. The licenses provided that NECG was to be the exclusive supplier of petroleum and that the stations and the equipment thereon were not to be used to sell gasoline from any other supplier.

4. The Operator Defendants rejected the licenses and have remained at the BP or Getty stations without a lease, license or other agreement with Getty or NECG permitting them to do so. They also have been buying gasoline from other suppliers, who are not authorized BP or Getty suppliers.

5. Accordingly, Plaintiffs require the requested relief to prevent immediate and irreparable harm, not compensable by money damages, arising out of:

(a) the conversion of their property and equipment by the purchase of gasoline from an unauthorized supplier, storage in Plaintiffs' underground storage tanks, and sale to the motoring public, which also deprives Plaintiffs of the means to (i) assure compliance with applicable environmental laws and regulations, including those designed to prevent and detect releases of gasoline into the environment, and (ii) assure that the gasoline being sold at their locations is of unadulterated quality and of posted octane, which is of great importance to Plaintiffs' reputation and good will; and

(b) violation of the BP and Getty trademarks and trade dress by sale of unbranded and unauthorized gasoline from stations bearing the BP and Getty trademarks and trade dress.

6. Finally, Plaintiffs seek expedited discovery to learn the identities of the deliverer(s), supplier(s) and recipients of the unauthorized gasoline and the extent thereof to ensure that such action will cease and desist as well as to enable Plaintiffs to amend their Complaint to name such parties as defendants herein.

7. Plaintiffs suggest that the Court require the posting of security in the amount of $1000.00.

                    PLAINTIFFS, GETTY PROPERTIES CORP. and NECG HOLDINGS CORP.

By:     */s/ Charles T. Lee*
           Charles T. Lee (CT00297)
           Cort T. Malone (CT29018)
           Rachel L. Ginsburg (CT28563)
           ANDERSON KILL & OLICK, P.C.
           1055 Washington Boulevard, Suite 510
           Stamford, CT  06901
           Telephone:  203-388-7950
           Facsimile:  203-388-0750

           *Attorneys for:* Getty Properties Corp.
                        NECG Holdings Corp

## CERTIFICATION

I, Cort T. Malone, Esq., hereby certify that on November 28, 2012, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will automatically send email notification of such filing to the following attorneys of record:

John J. Morgan, Esq.
Barr & Morgan
22 Fifth Street
Stamford, CT  06905


                                                    /s/ Cort T. Malone
                                                    Cort T. Malone