**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

GETTY PROPERTIES CORP, ET AL.,

                                       CIVIL ACTION NO.
                                       3:12-CV-00865-AWT

 PLAINTIFFS

        V.

TUNIXS-OHR, INC., ET AL

DEFENDANTS                                     DECEMBER 20, 2012

## OBJECTION TO MOTION FOR TEMPORARY RESTRAINING ORDER

       The Defendants HSTN and Renaldi's hereby respond to the plaintiffs motion for temporary restraining order, preliminary injunction, and limited expedited discovery as follows:

       The defense preliminarily notes that this application is nearly identical to the application which was previously filed by these plaintiffs June 11, 2012. Accordingly, the defense hereby incorporates by reference their objection dated June 17, 2012 as if restated herein as well as the objection dated June 18, 2012 filed by the discharged defendant Tuxis-Ohr, Fuel Inc.   The defense further requests a hearing on the matter to examine the facts asserted by the plaintiffs.

       The defense further notes that the Court previously adjudicated the previous application for TRO on June 19, 2012, denying the plaintiff's application.  The Court later re-addressed the application in a telephonic status conference on July 2, 2012. In the telephonic conference, the Court reaffirmed the denial of the TRO. This application is a blatant and undisguished attempt to re-litigate the prior application.

If a two attempts to re-litigate are deemed insufficient,  the Court should note that this is actually the <u>third</u> attempt to re-litigate the same issue.  More particularly, on July 13, 2012, the plaintiffs filed an emergency motion with the bankruptcy court in the Southern District of New York which effectively sought the same relief as was denied by this Court earlier that month. In the hearing on that motion on July 23, 2012, both Atty. Charles Lee and Atty. Alex Lees candidly advised the bankruptcy court that the motion was filed because of they were dissatisfied with this Court's vacation schedule. See, Tr. at pages 50 through 52.

The new application offers absolutely nothing which is new;  certainly not with respect to the defendants HSTN LLC or Renaldi's Getty, LLC.  The plaintiffs offer no legal authority, nor do they suggest any other basis, upon which this Court should reconsider its prior orders.  In fact, the plaintiffs do not even mention in their brief that they have been twice denied relief. This Court and the Bankruptcy Court previously denied the temporary restraining order. The result should be the same now.

Furthermore, these plaintiffs lack standing to bring the claims asserted. More particularly, as this Court is fully aware, as a result of its involvement in the case captioned <u>United Dealers of CT v. Green Valley Oil, LLC</u>, of which the defense requests the Court take judicial notice, there remains a dispute with respect to the ownership and control of the underground storage tanks, which dispute is not yet been adjudicated. That dispute is now apparently between the plaintiffs in that action (of which the defendants herein are two), Green Valley and an entity known as AOC

Transport.  AOC Transport has not joined in the present action and therefore, the plaintiffs' chain of title is substantially suspect. The plaintiffs offer nothing in their motion or in the memorandum sufficient to set forth proper standing to assert the claims in this case. Accordingly, the Court lacks subject matter jurisdiction and the application should be denied. In fact, the case should be dismissed.    It is black letter law that "if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim." Disability Advocates, Inc. v New York Coalition for Quality Assisted Living, Inc., 675 F3d 149, 160 (2d Cir 2012); Dery v Wyer, 265 F2d 804, 808 (2d Cir 1959)(Jurisdiction is determined once and for all at the commencement of the action.) .   In this case, the plaintiffs have not even attempted to have a proper party intervene.  Accordingly, since these plaintiffs did not have standing when the case began, they cannot create by intervention nor can they claim it (as they apparently have here) by fiat.

Furthermore the defendants' rights have previously been protected by this Court.  In the United Dealers case order of September 25, 2012, specifically at pages 20 through 21, this Court found that the retailers were permitted to run their businesses and that the ownership interests would be "figured out later". The Court explicitly noted that AOC's rights were subject to whatever rights the retailers had in the properties.  Those rights have yet to be adjudicated. Nothing has changed since the September 25, 2012 order.  We understand that Getty is impatient to run the retailers out of business and terminate their only source of income.  However, we

respectfully submit that even Getty must allow retailers due process.  Their repeated attempt at a pre-emptive strike should be rejected by the Court.

Lastly, To the extent that the application seeks discovery, said discovery should be denied in that it is nothing short of a fishing expedition seeking information regarding wholesalers which the plaintiffs have now sought to intimidate on at least two occasions. It is unambiguous that the plaintiffs seek to interfere with the defendants businesses in any way possible. Atty. Lee has testified in the Superior Court that he sent a letter threatening litigation to every wholesaler of gasoline in the State of Connecticut. There is no serious question that the letter was an attempt to interfere with the retailer's business.  Instead, Mr. Lee claims that he should be permitted to intentionally interfere with the retailers contractual relations with wholesalers or potential wholesalers. This court should not entertain a fishing expedition so that Mr. Lee can extend his intentional interference. The discovery should be denied.

CONCLUSION

Since the plaintiffs have presented applications for identical or almost identical relief on two separate occasions without success, they should not now be heard for a third time. This Court should reject the application for temporary restraining order out of hand. Certainly, that is the case with respect to the only retailers presently parties in this action, HSTN, LLC and Renaldi's Getty.   It certainly appears that the repeated attempts and multiple courts to obtain the same

relief is a simple attempt to wear the retailers out.  Unlike the plaintiffs, the retailers

do not have infinite resources.  The retailers do not have a battalion of lawyers. The

disputes arising from this transaction have now given rise to over 30 legal actions.

Quite frankly, the courts and the parties and the attorneys have enough to do without

re-litigating matters. This is especially true where the most obvious party (and more

importantly - the party which might have standing) remains absent from the

proceedings, AOC Transport.  Accordingly, the application for TRO and other relief

should be denied and the case should be dismissed due to the plaintiff's lack of

standing.

THE DEFENDANTS,
HSTN, LLC and
RENALDI'S GETTY, LLC

By_____
John J. Morgan
BARR & MORGAN
22 Fifth Street
Stamford, CT  06905
(203)  356-1595
Juris No. CT13312

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

By:_____

John J. Morgan (ct13312)
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph. (203) 356-1595
Fx: (203) 357-8397
Jmorgan@pmpalawyer.com