UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GETTY PROPERTIES CORP. and NECG HOLDINGS CORP, | Civil Action No. 3:12-CV-00865-AWT |
| Plaintiffs, | |
| vs. | |
| RENALDI'S GETTY, LLC, HSTN LLC, et al. | December 28, 2012 |
| Defendants. | |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Charles T. Lee (CT00297)
Cort T. Malone (CT29018)
Rachel L. Ginsburg (CT28563)
ANDERSON KILL & OLICK, P.C.
1055 Washington Boulevard, Suite 510
Stamford, CT 06901
Telephone: 203-388-7950
Facsimile: 203-388-0750

*Attorneys for:* Getty Properties Corp.
NECG Holdings Corp.

Plaintiffs Getty Properties Corp. ("Getty") and NECG Holdings Corp. ("NECG") (collectively "Plaintiffs"), by and through their attorneys, respectfully submit this reply memorandum of law in response to Defendants' Objection to motion for Temporary Restraining Order dated December 20, 2012 (the "Objection").

## ARGUMENT

Plaintiffs bring this renewed motion for a temporary restraining order and preliminary injunction to enjoin the purchase, storage, and sale of unauthorized gasoline at 15 stations owned by Getty. While Defendants are correct that this Court previously denied Plaintiffs' prior motion for a TRO on July 2, 2012, the Court specifically stated at that telephonic conference that there were further issues for the parties to address, at which point the Court would be willing to entertain a renewed motion.[1] This motion addresses both the legal and factual issues that respond to this Court's prior directive to the parties. Defendants' Objection raises no arguments that would prevent this Court from granting Plaintiffs' motion; indeed, it concedes that the current Defendants and those to be added by amendment are buying gasoline from unauthorized suppliers.

Defendants try to justify this behavior with a series of red herrings. First, they claim that Plaintiffs lack standing to bring the claims asserted with respect to conversion of the underground storage tanks ("USTs") owned by Getty and NECG because the "proper party," AOC Transport, has not joined the instant action. This is absurd and can be charitably explained only by Defendants' (1) failure to review discovery produced to

---

[1] At the outset of that conference, the Court made clear that it expected the parties to follow up on open questions of fact and law. See Transcript of July 2, 2012 conference at 2 ("Let me share with you my thoughts about some of the legal issues that I think are present here and why I think *you all have more work to do in terms of addressing the law.*" (Emphasis added).

them, and (2) ignorance of the prior decision of this Court on September 25, 2012. On November 14, 2012, Plaintiffs formally supplemented their document production in this case with executed Bills of Sale (attached as Exhibits B and C to the Third Affidavit of Kevin Shea, submitted in support of the instant motion) transferring the relevant USTs from Green Valley Oil to AOC Transport and from AOC Transport to NECG, effective May 1, 2012. Thus, AOC Transport is no longer a relevant party with respect to the USTs owned by NECG. Further, as noted during this Court's September 25, 2012 teleconference with the parties denying Defendants' motion for TRO to stop the transfer of the tanks, AOC Transport is a wholly-owned subsidiary of Getty, so there are also no issues of standing with respect to the handful of USTs that remain with Getty.[2]

As for Defendants' failure to acknowledge this Court's rulings from the September 25, 2012 teleconference, the Court specifically rejected Defendants' argument – reiterated in its current Objection – that Defendants have any right or title to the USTs. The following excerpt from that hearing sets out the Court's ruling in no uncertain terms:

> THE COURT: Right now, while things are being worked out, we're talking about the underground storage tanks?
>
> MR. LEE: Right.
>
> MR. MORGAN: That's the biggest issue, yes.
>
> THE COURT: They have never been in the ownership of the dealers.
>
> MR. LEE: Correct.

---

[2] It further appears that Defendants have confused subject matter jurisdiction, here based on diversity of citizenship and federal question, with arguments concerning the merits.

> THE COURT: Correct?
>
> MR. MORGAN: I disagree with that.
>
> MR. LEE: No. There's no title in the dealers.
>
> MR. MORGAN: I believe that we have title by operation of law under our right of first refusal since they were transferred, or purported to be transferred without consideration.
>
> THE COURT: *And I rejected that argument.*
>
> \* \* \*
>
> THE COURT: What's the second argument as to why your clients own the tanks?
>
> MR. MORGAN: *I don't have a second argument as to whether they own the tanks.*
>
> \* \* \*
>
> THE COURT: Well, my understanding, Mr. Lee, is that *the transaction has already been consummated and you're doing some documentation that hasn't been done*?
>
> MR. LEE: That's correct, Your Honor.
>
> THE COURT: It wasn't put in place. I'm sorry.
>
> MR. LEE: But for the bankruptcy approval.
>
> THE COURT: Yes. Subject to the bankruptcy approval.
>
> MR. LEE: That's right. *The tanks are all registered to Getty or NECG and have been for some months.*

See September 25, 2012 Transcript at pp. 16-19 (emphasis added).

Based on the above, Defendants have no basis for their assertion that there is an active dispute as to ownership and control of the USTs. Defendants' sole argument for some right or title in the USTs was summarily rejected. And the transfer through AOC

3

Transport to NECG was nothing more than documentation of a transfer previously ordered and approved by the Bankruptcy Court.

Defendants' second argument – that "Getty is impatient to run the retailers out of business" – is a complete fabrication. At present, Getty/NECG are actually *supplying* nineteen of the Operator Defendants with gasoline following the settlement between Plaintiffs and previous defendant Tuxis-Ohr Fuel, Inc., and no one has been put out of business. In fact, NECG offered to supply *all* of the stations following the Tuxis settlement pending the outcome of the state court eviction proceedings. Such actions are hardly demonstrative of Getty/NECG seeking to "terminate [the Operator Defendants'] only source of income."

In sum, despite Defendants' incorrect arguments, there are no issues with respect to standing of Getty or NECG, the registered and legal owners of the USTs as of May 1, 2012. Defendants' arguments do not even address the merits of Plaintiffs' motion for TRO with respect to the conversion or trademark violation counts – because Plaintiffs have demonstrated in their moving papers their likelihood of success on both causes of action (in addition to other counts based on CUTPA). As such, this Court should grant Plaintiffs' motion in its entirety.[3]

## CONCLUSION

The Operator Defendants' sub-subleases have terminated, yet they remain in occupancy, and eviction proceedings are now scheduled for trial in the Complex

---

[3] Defendants' previous argument that the *Bargain Mart* decision somehow entitles them to the continued benefits of their lease and supply agreements with Green Valley Oil omitted to inform the Court that Green Valley terminated those agreements as of April 30, 2012. See Exhibit A to the Third Shea Affidavit.

Litigation Docket in Stamford, commencing January 10, 2013. Meanwhile, Defendants are admittedly purchasing, storing, and selling unbranded gasoline in direct contravention of the directions of Getty and NECG, the owners of the properties and the underground storage tanks. The Operator Defendants have converted the property and equipment of Plaintiffs and, as a result of this unlawful conduct, the Operator Defendants have subjected Plaintiffs to serious liabilities resulting from potentially adulterated gasoline and environmental risks, among other things. Plaintiffs respectfully request that the Court: (1) enter a temporary restraining order enjoining the Operator Defendants from the purchase, storage and re-sale of unauthorized gasoline pending a hearing on Plaintiffs' application for a preliminary injunction; (2) enter an order directing limited expedited discovery of the Operator Defendants; and (3) enter a preliminary injunction enjoining (a) the Operator Defendants from the purchase, storage and re-sale of unauthorized gasoline, and (b) the as yet unidentified unauthorized suppliers from selling such gasoline to the Operator Defendants.

By:     */s/ Charles T. Lee*
Charles T. Lee (CT00297)
Cort T. Malone (CT29018)
Rachel L. Ginsburg (CT28563)
ANDERSON KILL & OLICK, P.C.
1055 Washington Boulevard, Suite 510
Stamford, CT 06901
Telephone: 203-388-7950
Facsimile: 203-388-0750
*Attorneys for:* Getty Properties Corp. and NECG Holdings Corp.

nydocs1-1001707.2

## CERTIFICATION

I, Rachel L. Ginsburg, Esq., hereby certify that on December 28, 2012, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will automatically send email notification of such filing to the following attorneys of record:

John J. Morgan, Esq.
Barr & Morgan
22 Fifth Street
Stamford, CT  06905

/s/ Rachel L. Ginsburg
Rachel L. Ginsburg