UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GETTY PROPERTIES CORP, ET AL.,

                                       CIVIL ACTION NO.
                                       3:12-CV-00865-AWT

    PLAINTIFFS

        V.

TUNIXS-OHR, INC., ET AL

DEFENDANTS                                 MAY 15, 2013

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendants Renaldi's Getty, LLC, HSTN, LLC, SSAW LLC; INDTUR, LLC; NAVJOT ENTERPRISES, INC.; EXPERT AUTOMOTIVE REPAIRS, LLC; 331 WEST AVENUE GAS STATION, LLC; PAMBY MOTORS, INC.; STATE LINE GETTY, INC.; BODAEVE,INC.; WEST BROAD SERVICE CENTER, LLC; MICA ENTERPRISES, INC.; WILTON SERVICE CENTER, INC.; ATKR, LLC; JZ MART, LLC; SAUD ALKULAIB; HAWARS PARK AVE. LLC; ADNAN RAHIM; H & A CONVENIENCE, LLC; and MADISON AVE. MART, LLC. hereby respond to the plaintiffs complaint as follows:

### By way of answer:

    1. Denied.

    2. Paragraph 2 contains legal conclusions to which no response is required. To extent a response is required, the defendants are without sufficient knowledge and therefore leave the plaintiffs to their proof.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent that a response is required, the defendants are without sufficient knowledge and therefore leave the plaintiffs to their proof.

4. The defendants are without sufficient knowledge to admit or deny the contents of paragraph 4 and therefore leave the plaintiffs to their proof.

5. Denied.

6. Denied as pleaded.

7. Denied as pleaded.

8. Paragraph 8 is not addressed to any party for whom the undersigned has an appearance, accordingly no response is made.

9. Paragraph 9 is not addressed any party for whom the undersigned has an appearance, accordingly no response is made.

10. Denied as pleaded.

11. Paragraph 11 is not addressed to any party for whom the undersigned has an appearance, accordingly no response is made.

12. Admitted.

13. Denied as pleaded.

14. Denied as pleaded.

15. Denied as pleaded.

16. Paragraph 16 is not addressed any party for whom the undersigned has an appearance, accordingly no response is made.

17. Admitted.

18. Admitted.

19. Paragraph 19 is not addressed to any party for whom the undersigned has an appearance, accordingly no response is made.

20. Denied as pleaded.

21. Admitted.

22. Denied as pleaded.

23. Admitted.

24. Paragraph 24 is not addressed to any party for whom the undersigned has appearance, accordingly no response is made.

25. Paragraph 25 is not addressed to any party for whom the undersigned has an appearance, accordingly no response is made.

26. Admitted.

27. Denied as pleaded.

28. Denied as pleaded.

29. Paragraph 29 is not addressed to any party for whom the undersigned has appearance, accordingly no response is made.

30. Paragraph 30 is not addressed to any party for whom the undersigned has an appearance, accordingly no response is made.

31. Paragraph 31 is not addressed to any party for whom the undersigned has an appearance, accordingly no response is made.

32. Admitted.

33. Denied as pleaded.

34. Paragraph 34 is not addressed to any party for whom the undersigned has an appearance, accordingly no response is made.

35. Admitted.

36. Denied as pleaded.

37. Denied as pleaded.

38. Paragraph 38 is not addressed to any party for whom the undersigned has appearance, accordingly no response is made.

39. Denied.

40. These parties are without sufficient knowledge to admit or deny the contents of paragraph 40 and therefore leave the plaintiffs to their proof.

41. These parties are without sufficient knowledge to admit or deny the contents of paragraph 41 and therefore leave the plaintiffs to their proof.

42. These parties are without sufficient knowledge to admit or deny the contents of paragraph 42 and therefore leave the plaintiffs to their proof.

43. These parties are without sufficient knowledge to admit or deny the contents of paragraph 43 and therefore leave the plaintiffs to their proof.

44. Denied.

45. Denied.

46. Denied as pleaded. To the extent that said paragraph purports to quote the orders of another court, those orders speak for themselves. The defendants deny the conclusions reached by the plaintiffs.

47. Denied.

48. Denied as pleaded. To the extent that said paragraph purports to quote a document, the document speaks for themselves. The defendants deny the conclusion reached by the plaintiffs.

49. Denied.

50. Denied as pleaded. To the extent that said paragraph purports to quote from another document, those documents speak for themselves. The defendants deny the conclusion reached by the plaintiffs.

51. Denied.

52. Denied.

53. To the extent that these defendants have knowledge of any aspect of paragraph 53, said paragraph is denied.

54. Denied.

55. Denied.

56. The defendants are without sufficient knowledge to admit or deny the contents of paragraph 56 and therefore leave the plaintiffs to their proof.

57. The extent of paragraph 57 purports to quote from a document, the documents speak for themselves. The defendants deny the conclusion reached by the plaintiffs.

58. Denied.

59. Denied.

## Count 1

60. The defendants hereby incorporate by reference the responses to paragraphs 1 through 59 above as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## Count II

65. The defendants hereby incorporate by reference the responses to paragraphs 1 through 64 as if fully set forth herein.

66. These defendants are without sufficient information to admit or deny and therefore leave the plaintiffs to their proof.

67. These defendants are without sufficient information to admit or deny and therefore leave the plaintiffs to their proof.

68. These defendants are without sufficient information to admit or deny and therefore leave the plaintiffs to their proof.

69. Denied.

70. Denied.

71. These defendants are without sufficient information to admit or deny and therefore leave the plaintiffs to their proof.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## Count III

76. The defendants hereby incorporate by reference the responses to paragraphs 1 through 75 as if fully set forth herein.

77. Denied.

78. Denied.

## Count IV

79. The defendants responses to paragraphs 1 through 78 hereby incorporated by reference as if fully set forth herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## Count V

84. The defendants hereby incorporate the responses to paragraphs 1 through 84 as if fully set forth herein.

85. Denied.

## By Way of Affirmative Defenses:

First affirmative defense:

The plaintiffs failed to set forth any claims upon which relief can be granted.

Second affirmative defense:

The plaintiffs lack standing to bring any of the claims stated in the complaint.

Third affirmative defense:

The court lacks personal jurisdiction over the defendants.

Fourth affirmative defense:

The plaintiffs failed to name parties required for a full adjudication of the matter as required by FRCP 19.

Fifth affirmative defense:

The plaintiff's claims are barred by the doctrine of unclean hands.

Sixth affirmative defense:

The plaintiffs failed to mitigate any damages allegedly sustained.

Seventh affirmative defense:

To the extent the plaintiffs allege a trademark or trade dress violation, the plaintiff's actions are barred by the fair use doctrine.

Eighth affirmative Defense:

To the extent the plaintiffs allege a trademark or trade dress violation, the plaintiff's actions are barred by the collateral use doctrine.

Ninth affirmative defense:

The plaintiff's claims should be barred under the doctrine that equitable relief should not be granted to achieve an unconscionable result.

Tenth affirmative defense:

The plaintiff's claims should be barred in that the alleged trademark and trade dress are being used to misrepresent the source of the gasoline with which the trademark and trade dress are associated.

Eleventh affirmative defense:

To the extent that the plaintiffs claim conversion against these defendants said claim should be barred in that the defendants have exclusive or shared interest in the property allegedly converted.

THE STATED DEFENDANTS,

By _____
John J. Morgan
BARR & MORGAN
22 Fifth Street
Stamford, CT 06905
(203) 356-1595
Juris No. CT13312

CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2013 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

By:_____

John J. Morgan (ct13312)
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Ph. (203) 356-1595
Fx: (203) 357-8397
Jmorgan@pmpalawyer.com